MR. CHIEF JUSTICE TURNAGE,
concurring in part and dissenting in part:
*206 The majority decision correctly finds that Butte-Silver Bow, a local government with self-government powers, lawfully followed budget procedures and has the power to amend final budget salary schedules, which is precisely what Butte-Silver Bow did in this case.
That portion of the majority decision that affirms the District Court award of salaries in an amount different than the salaries provided for in Ordinance 134 and awarding attorney fees to respondents I would reverse.
The majority opinion, if it should be viewed as precedent, places an unwarranted burden on a consolidated government by forcing the governing body to precisely determine salaries, and perhaps other expenditures as well, when the budget is adopted on the second Monday in August of each year, notwithstanding the authority of the governing body to approve and adopt a resolution amending a final budget as provided by section 7-6-4231(3), MCA.
If, in the future, the majority opinion should be cited as precedent as to the portions thereof affirming the District Court, a majority of the Court hopefully then will note the problem of non sequitur concerning the facts and the law and view this case as an isolated instance of the common law of Butte-Silver Bow.